## Case No. 6,796.

HOWLAND et al. v. KELLY.

[Chase. 427.] [1]

Circuit Court, D. South Carolina. May, 1869.

BOND — PAYMENT IN CONFEDERATE CURRENCY—LIABILITY OF EXECUTOR—NECESSARY PARTIES.

1. An executor receives payment of a bond given before the war, in Confederate currency, on October 26, 1862. If liable at all, he is only liable for the value of the Confederate currency as of that date.

2. In a suit against the obligor in the bond to cause him to deliver up the bond and pay it again, the executor is a necessary party.

[1] [Reported by Bradley T. Johnson, Esq., and here reprinted by permission.]

Mrs. Monefeldt died in 1857, leaving a will in which she appointed a Mr. Jervey her executor, and made certain specific legacies. The will then directs, "The rest and residue of my estate, of whatever nature or kind the same may be, I do hereby direct my executor hereinafter named, or whoever may qualify on this my will, to convert into cash, and invest the same in such bonds or stocks as he may deem most advisable, and to divide the interest arising therefrom equally among my seven grandchildren, share and share alike (naming them), for their maintenance and support until the youngest grandchild living shall attain the age of twenty-one or marry. Then, I do hereby direct my said executor, or whoever qualifies on this my will, to divide the said estate among my said grandchildren, share and share alike." Jervey qualified as executor, delivered the specific legacies, settled his accounts as executor, and reduced the residue of the estate to cash. Among these assets was a bond of Kelly, the defendant, for three thousand seven hundred and fifty dollars, with interest, payable in three annual installments from April 6, 1858, on which there was a balance of three thousand dollars due when he qualified as executor. Kelly paid to Jervey one thousand and twelve dollars and fifty cents, on account of principal and interest on this bond, April 12, 1859. He paid on same account, April 27, 1860, two hundred and ten dollars; on April 27, 1861, he paid also two hundred and ten dollars interest due. On October 26, 1862, he paid Jervey in a check on the bank of South Carolina, the balance due, principal and interest, three thousand three hundred and thirty-five dollars and eighty-three cents, and the bond was delivered up to him. About the same time the mortgage given to secure this bond was entered, satisfied, and cancelled. In 1868 the complainants filed their bill in this court, stating the terms of Mrs. Monefeldt's will; that they were the grandchildren provided for in it; charging that Jervey, after paying debts and legacies, took the residue of the estate as trustee for their benefit; that he had accounted for and distributed to them all the funds except this bond of Kelly's, which he claimed to have been discharged by Kelly in Confederate treasury notes, and he offered to give them Confederate bonds as representing the money paid by Kelly. They charged that they were, and had been during the war, residents of the states adhering to the Federal government, and beyond the Confederate lines, so that no communication could have been had with them; that some of them were minors, one a feme covert; that these facts were known to Jervey and Kelly, and that therefore they both knew the pretended payment of this good debt in worthless currency was against the wishes and interest of Jervey's cestui que trusts, the complainants. The bill alleged that Jervey had settled his whole trust except this bond of Kelly's; that therefore it was unnecessary to make Jervey a party, and it prayed that Kelly might be decreed to return the bond and to pay it.

To this bill Kelly answered, denying any knowledge of Jervey's trust, or that complainants lived out of the state or beyond Confederate lines, and claimed that his payment was a good one, being made in good faith; and he demurred to the bill, because of the nonjoinder of Jervey. The cause was heard on this demurrer.

McGrath & Lowndes, for complainants.
Mr. Porter, for respondent.

CHASE, Circuit Justice. The executor who took the bond is a necessary party in this case. The bond was taken by Mr. Jervey as trustee or executor, and received for the benefit of the grandchildren of Mrs. Monefeldt.

The property was to be divided among the children when they became of age. That event did not take place until the year 1866. It then became the duty of the executor to divide the estate. The proceeds of the bond were not distributed because the executor had received payment in Confederate currency.

The most that could be said of this would be, that the executor is accountable for the value of the Confederate currency at the time it was received. It also appears that the bond had been received from Mr. Gray, master in equity, and was secured by a mortgage upon property in King street. The object of this proceeding is to obtain control of this property for distribution, and to accomplish that all the parties interested must be brought before the court. The executor is a necessary party. The demurrer must be sustained, and the complainants have leave to amend their bill by joining the necessary parties, on payment of the costs of the term.